```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

ALLIED SECURITY, INC. d/b/a
ALLIED BARTON SECURITY SERVICES

      Plaintiff,

v.                                        Civil Action No. 2:08-01170

MASSEY ENERGY COMPANY,
MASSEY COAL SERVICES, INC.,
PERFORMANCE COAL COMPANY,
ELK RUN COAL COMPANY, INC.,
ALEX ENERGY, INC. d/b/a
EDWIGHT MINING COMPANY,
INDEPENDENCE COAL COMPANY, INC.
d/b/a PROGRESS COAL COMPANY,
and BLACK CASTLE MINING COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion for summary judgment, filed February 22, 2010.

### I.  Undisputed Facts

Plaintiff Allied Security entered into separate contracts with defendants Alex Energy Company doing business as Edwight Mining Company; Elk Run Coal Company, Inc., for its direct operations "Elk Run" and doing business as Black Castle Mining Company; Independence Coal Company, Inc., for its direct

operations "Independence" and doing business as Progress Coal Company; and Performance Coal Company.[1] (Defs.' Mot. Ex. C).[2]

Under the terms of the contracts, plaintiff agreed to perform security guard services for defendants' mining operations in exchange for a monetary fee. (Compl. ¶ 11). From approximately June 2005 to October 2006, plaintiff provided security guards for the defendants' mining locations. (Id.). During this time, plaintiff provided defendants with invoices reflecting the services provided and the amount owed to plaintiff by the defendants. (Pl.'s Resp. 1; Defs.' Memo 4). In October 2006, the defendants were behind in their payments and owed an outstanding balance to plaintiff. (Pl.'s Resp. Ex. 8 at 1; Defs.' Memo. 9-10). On October 2, 2006, plaintiff sent defendants ten days notice that it was terminating the contracts effective October 12, 2006. (Pl.'s Resp. Ex. 9; Defs.' Memo. 8). In order to fulfill their payment obligations, defendants paid plaintiff $503,550.82, which the plaintiff received in the

---

[1] For purposes of this opinion, the court is adopting the description of the companies' organization as described by the defendants' in their motion. This appears to be the proper organization based on the contracts provided by the parties and plaintiff has not contested it.

[2] Plaintiff joins in this action defendants Massey Energy Company and Massey Coal Services, Inc., asserting that "Massey" is the parent of the other defendants. (Pl.'s Resp. 5).

form of checks on October 20, 2006. (Id.). Upon receipt of the checks, plaintiff informed defendants that, according to plaintiff's records, the defendants owed a remaining balance of $85,195.49. (Id.) Defendants have not paid plaintiff the additional amount requested. (Pl.'s Resp. 1; Defs.' Memo. 10).

Based on the foregoing, plaintiff has brought suit against those defendants with which it had contracts as well as Massey Energy Company and Massey Coal Services, Inc., with which it did not, for breach of contract. (Id.). Plaintiff is suing for the outstanding balance of $85,195.49 plus collection costs. (Id.).

## II. Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III.  Analysis

With regard to plaintiff's claims against Massey Energy Company and Massey Coal Services, Inc., defendants contend that plaintiff's claims fail as a matter of law inasmuch as plaintiff did not have a contractual relationship with Massey Energy Company or Massey Coal Services, Inc., nor did plaintiff provide any services to these companies. (Defs.' Memo. 12). In response, plaintiff claims that "Massey" is the parent company and the other defendants are its wholly-owned subsidiaries. (Pl.'s Resp. 5). Within this arrangement, "all the subsidiaries'

bills go through Massey's centralized accounts payable system. Massey makes the decisions on payments and fully controls the subsidiaries' actions. It is in privity with its subsidiaries." (Id.).

It appears that plaintiff is attempting to pierce the corporate veil to hold the parent company liable for the subsidiaries' breach of contract, but plaintiff has not pointed the court to any evidence in the record supporting its allegations of the corporate structure.[3] Furthermore, it is not entirely clear whether plaintiff is referencing Massey Energy Company or Massey Coal Services, Inc., or both. Where, as here, the non-movant fails to make a sufficient showing on an element on which he has the ultimate burden of proof, summary judgment is appropriate because there is no genuine issue of material fact due to the complete failure of proof on an essential element of the non-movant's case. Allstate Fin. Corp. v. Financorp, Inc.,

---

[3] Plaintiff offers this quote from a state court case in support of its theory on the relationship among the defendants: "A.T. Massey Coal Company is in privity with its subsidiary Wellmore, as are the remaining Massey Defendants, who are also subsidiaries of Massey and sister corporations to Wellmore." (Pl.'s Resp. 5 (citing Caperton v. A.T. Massey Coal Co., 2007 W. Va. LEXIS 119 (rev'd on other grounds)). Without any explanation from plaintiff as to its relevance and without any apparent connection to the defendants in this matter, this quote is of little help to the court in this instance.

934 F.2d 55, 58 (4th Cir. 1991)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). Plaintiff bears the burden of establishing the necessity for piercing the corporate veil in support of its claims. Kinney Shoe Corp. v. Polan, 939 F.2d 209, 211 (4th Cir. 1991). Inasmuch as plaintiff has not provided the court with any evidence in this regard, plaintiff's claims against Massey Energy Company and Massey Coal Services, Inc., fail as a matter of law. Accordingly, the court grants Massey Energy Company and Massey Coal Services, Inc., summary judgment.

With regard to plaintiff's claims against the remaining defendants, plaintiff and the defendants have performed independent audits of their records relating to the security contracts and reached differing conclusions as to the total bill owed by defendants. It appears from the depositions of both plaintiff's and defendants' employees that, at some point during the parties' contractual relationships, plaintiff began to provide defendants daily invoices rather than the standard weekly invoices theretofor provided by plaintiff. (Defs.' Memo. 4 Ex. D, Ex. J). When calculating the total amount owed, plaintiff relies on an Aging Invoice Report ("AIR") listing the numbers of the unpaid invoices based on plaintiff's standard weekly invoices, internal security guards' timesheets, payments, and

payment reports.  (Pl.'s Resp. 3)  For their calculations of the amount owed, defendants relied on the daily invoices provided by plaintiff as well as their own internal documents such as timesheets, release orders, and receiving documents.  (Pl.'s Resp. 1-3; Defs.' Memo. 9).  Whereas plaintiff's calculations indicated that the defendants owed $85,195.49, the defendants' calculated that they owed $503,550.82, which they then paid. (Pl.'s Resp. Ex. 7).[4]  The instant case reflects the discrepancy between the results of the plaintiff's internal audit and the defendants' internal audit.  Viewing the facts in the light most favorable to the plaintiff as the non-movant, the court finds the differing results of the parties' internal audits creates a genuine issue of material fact to be resolved by the jury.[5]

---

[4] Defendants' memorandum in support of the motion for summary judgment states their internal audit determined that the amount owed was $503,550.00 which they then paid to the plaintiff. (Defs.' Memo. 9-10).  Inasmuch as this conflicts with the amount of $503,550.82 as stated by plaintiff, the court views the amount in the light most favorable to the plaintiff as the non-movant.

[5] Defendants offer evidence, that as recently as July 15, 2009, plaintiff performed an internal audit and informed the defendants that they might have potential credit balances on their accounts.  (Defs.' Memo. Ex. J at 112-16 (letters to the contractual defendants on what appears to be plaintiff's letterhead and signed by plaintiff's Chief Financial Officer)). However, these letters clearly state that further research is necessary in order to determine the actual amounts and "that as a result of further research it is possible the credit balance could increase or decrease or even result in a potential balance

Defendants offer two primary theories in support of its motion for summary judgment. First, defendants contend that they are entitled to summary judgment inasmuch as plaintiff cannot prove its claim for breach of contract simply by providing allegedly unpaid invoices. (Defs.' Memo. 15). Defendants assert that a breach of contract exists only if the defendants failed to pay for <u>services</u> Allied provided" as the parties' agreements were "contracts for services, not contracts to pay invoices." (<u>Id.</u> at 13 (emphasis in original)). While the contracts certainly are agreements to pay for services, it is generally understood that services provided result in a bill to be paid by the recipient of the services. Here, plaintiff's invoices serve as documentation for the parties' performance of the contracts, i.e., the services provided by plaintiff and the amount owed by the defendants upon receipt of those services. Plaintiff is not claiming that defendant breached the contract by not paying the invoices, but rather that defendant breached the contract by not paying for the services provided as evidenced by the invoices.

---

due to [plaintiff]." (<u>Id.</u>). While these letters may ultimately impact the weight given to the plaintiff's internal documents and auditing process, they are also further evidence that there are genuine issues of material fact remaining.

Second, defendants contend that they are entitled to judgment as a matter of law because plaintiff cannot provide the necessary evidence to support its claims for breach of contract. Specifically, defendants claim that plaintiff's invoicing practices and procedures are so "wrought with errors" that they are insufficient to support plaintiff's claims. (Defs.' Resp. 15). These errors include "invoices without [release order] numbers or the wrong [release order] numbers, duplicate invoices, invoices that mysteriously dropped charges, invoices with incorrect hours worked and invoice errors resulting from different workweek guidelines." (Id.). Although it does appear that there may be inconsistencies throughout the daily invoicing process, the accuracy of the invoices overall is a question of fact to be resolved by the jury. It is not for the court to weigh the evidence, nor make determinations of credibility at the summary judgment stage. Rather, plaintiff as the non-movant is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

Plaintiff has provided sufficient evidence to establish that there is a genuine issue of material fact with regard to the

amount owed by the defendants.  The plaintiff has supplemented the Aging Invoice Report with weekly invoices and timesheets as well as the testimony of its employees that the weekly invoices accurately represent the amount owed by the defendants.[6]  (Pl.'s Resp. Ex. 1 at 8, Ex. 2 at 14).  Taking the facts in the light most favorable to plaintiff as the non-movant, the court finds that there remains a genuine issue of material fact with regard to the amount owed.  Accordingly, summary judgment is denied as to plaintiff's breach of contract claims against the remaining defendants.

## IV.

Based on the foregoing, the court ORDERS that defendants' motion for summary judgment in favor of defendants

---

[6] Defendants rely on two bankruptcy cases in support of their assertion that "the mere presentation of invoices is insufficient to prove a claim or damages for breach of contract." In re Northup-Johnson, Inc., 15 B.R. 767, 770 (D. Md. 1981); In re Fordson Engineering Corp., 25 B.R. 506, 511 (E.D. Mich. 1982). In In re Northup-Johnson, Inc., the invoices were not offered to establish a breach of contract, but rather the damages to be paid as a result of the breach.  15 B.R. at 770.  Similarly, in In re Fordson Eng'g Corp., the breach of contract had been established and the invoices were being used to determine the reasonableness of costs.  25 B.R. at 512.  Inasmuch as neither of these cases considered the propriety of using invoices as proof of a claim, they are not apposite here.

**Massey Energy Company and Massey Coal Services, Inc., be, and it hereby is, granted. It is further ORDERED that defendants' motion for summary judgment on behalf of the remaining defendants be, and it hereby is, denied.**

**The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.**

                      DATED: May 6, 2010

                      John T. Copenhaver, Jr.
                      United States District Judge